RECEIVED
MAR - 4 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
MAR X 4 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

March 03, 2008
C08-759 MHP

Mr. R. W. Wieking,

I am incarcerated at Salinas Valley State Prison. I sent you a few documents pertaining to a Civil Rights Act, 42 U.S.C §§ 1983. You sent me a part, or face sheet of my complaint dated Jan. 31, 2008. I don't know what to do in terms of how to serve the defendants. I can not serve by computer, nor can I serve face to face. What direct action should I take? I am at a loss as to what my action should be to continue the suite that I am trying to initiate. I was wronged by action that was done, as well as actions not done. If you can please explain my next move, so that I may continue to move forward with my actions. I am unable to check off any of the boxes on the top green sheet. I don't mean to be a pest or anything like that, but I am at a lost as to what I'm suppose to do right now. I exhausted all of my steps through the institution's appeal process. I am not sure if you have a copy of the finished appeal. I am also accompanying it with this letter, so that you can have a copy of it, as well. All your help in this matter would be greatly appreciated. I am sending all this, so that you can acknowledge that I sent any and everything to make copies for your records/files. Please let me know that you did make copies.

Respectfully Submitted,

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name Taylor         Robert         L
     (Last)          (First)      (Initial)

Prisoner Number K-29436 – Salinas Valley State Prison

Institutional Address P.O. Box 1050  D3-126L  Soledad, CA. 93960

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Mr. Robert L. Taylor K-29436
(Enter the full name of plaintiff in this action.)

vs.

Warden Evans,
CMO Clark Lee & Salinas
Valley State Prison's Medical
Staff/Dept.
(Enter the full name of the defendant(s) in this action)

Case No. _____
(To be provided by the Clerk of Court)

CV 08 0759

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed.]*

I.   Exhaustion of Administrative Remedies.

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.  Place of present confinement  Salinas Valley State Prison

B.  Is there a grievance procedure in this institution?
    YES (X)   NO ( )

C.  Did you present the facts in your complaint for review through the grievance procedure?
    YES (X)   NO ( )

D.  If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                          - 1 -

**CV 08    0759**

MHP
(PR)

## U.S. District Court Northern California

### ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Questions**
Almost all questions can be answered in our **FAQs** at
http://ecf.cand.uscourts.gov, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: NOV 2 7 2007

In re:   Robert Taylor, K29436
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0705524     Local Log No.: SVSP-07-01837

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position since May (2005) he has had a problem with the right side of his lower lip that has not healed properly, despite numerous attempts to make medical staff aware of his pain. The appellant alleges health care staff have not taken his condition seriously and his condition has not received the attention it deserves. In addition, the appellant states he did not receive antibiotics until late (2006) and now in 2007, the growth has been allowed to increase until it needs surgery. The appellant is requesting that someone explain why his medical condition was ignored and not taken seriously. In addition, the appellant requests the status of his condition and a consultation with Dr. Kumar and Dr. Yanez for a good understanding.

**II   SECOND LEVEL'S DECISION:** It is the institution's position the appellant's Unit Health Record was reviewed and revealed the appellant's condition has been followed by the Stanford Medical Center, in Palo Alto, California. On May 3, 2007, a positron emission tomography (PET) scan was completed and a follow-up appointment was pending. On May 14, 2007, the appellant was followed-up to discuss the results of the PET scan; and, was advised he was scheduled for surgery in early June (2007). Health care staff documented the appellant was at Stanford Medical Center when the First Level of Review was delivered to the appellant. At that time the appellant alleged Dr. Kumar, Dr. Yanez and he never consulted together prior to surgery. The appellant informed staff he was dissatisfied with everything surrounding his appeal and illness. The appellant's history includes a wound culture obtained on September 13, 2005, with no significant findings. On February 6, 2006, A & D Topical Ointment was prescribed for the application to the appellant's lip. On August 8, 2006, tissue samples were collected, and the appellant was evaluated by a dermatologist who recommended an aerobic and anaerobic culture of the lip. It was also documented the appellant's lip condition has been present for over one year as a result of an injury after suffering a seizure. At that time, the appellant had been treated with oral antibiotics. A pathology report, dated August 31, 2006, indicated that a squamous proliferation appeared to represent reactive atypical with no significant dysplasia or neoplasia; however, the lesion comes close to and focally involves the resection margins. Close follow-up was recommended to rule out the possibility of an adjacent more significant lesion. On October 13, 2006, Dr. Sid noted the diagnosis of leukoplakia and prescribed a repeat biopsy. On December 4, 2006, Dr. Sid noted anaerobic vs. dysplasia and prescribed Septra (antibiotic). On March 23, 2007, the appellant was evaluated by Dr. Zewert who recommended a chest x-ray and computerized axial tomography scan of the appellant's face and neck to rule out the spread of a likely lip carcinoma. On April 10, 2007, Dr. Sid noted the diagnosis as squamous cell carcinoma; and, on May 29, 2007, the appellant underwent surgery for the removal of the affected area. He will continue to receive treatment as medically indicated. In addition, further treatment includes radiation treatments and consideration for chemotherapy. The appellant was assured his medical condition was never ignored and medical treatment was provided as deemed necessary. The early biopsy did not reveal anything significant; however, once the later biopsy revealed carcinoma, health care staff became aggressive with their treatment.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

ROBERT TAYLOR, K29436
CASE NO. 0705524
PAGE 2

**A. FINDINGS:** The appellant contends he injured his lip in 2005 and health care staff did not take his condition seriously and ignored his concern. It is documented the appellant was under the care of the Stanford Medical Center for the malignant growth on his lower lip, and completed a PET scan on May 3, 2007. The appellant completed various tissue biopsies that were insignificant until additional diagnostic testing and tissue biopsies revealed squamous cell carcinoma. On May 29, 2007, the appellant underwent surgical intervention to excise the affected area and radiation treatments and chemotherapy was recommended. The appellant was advised health care staff did not ignore his condition as the early biopsies perform revealed nothing significant. However, once the appellant was diagnosed with squamous cell carcinoma, his health care intervention became aggressive. On October 1, 2007, the reviewer was informed by S. May, Medical Appeals Analyst, the appellant completed chemotherapy and radiation therapy is still in progress. The appellant's condition is stable; however, health care staff indicated the appellant refused at least two radiation treatments. After review, there is no compelling evidence that warrants intervention at the Director's Level of Review, as the appellant has been evaluated by health care staff since 2005; and, once diagnosed with squamous cell carcinoma, received the treatments deemed medically necessary.

There are three types of skin cancer basal cell carcinoma, squamous cell carcinoma (together referred to as nonmelanoma skin cancer), and melanoma. The outer layer of the skin is made up of squamous cells. Basal cells are found below the squamous cells. Melanocytes are in the deepest layer of epidermis. Melanoma develops from melanocytes. Skin cancer is the most commonly occurring cancer in the United States. Basal cell carcinoma and squamous cell carcinoma (nonmelanoma skin cancer) are the most common forms of skin cancer, but are easier to cure than melanoma. The number of new cases of skin cancer appears to be increasing each year. The number of deaths due to skin cancer, however, is fairly small. Studies have suggested that reducing exposure to ultraviolet (UV) radiation decreases the incidence of nonmelanoma skin cancer.

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3350.2, 3354

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, SVSP
    Health Care Manager, SVSP
    Appeals Coordinator, SVSP
    Medical Appeals Analyst, SVSP

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region  Log No.  Category
1. SVSP D    1. 07-01831   8  2nd
2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

Disagree w/ treatment — lower lip growth

NAME: TAYLOR    NUMBER: K-29436    ASSIGNMENT: ____    UNIT/ROOM NUMBER: A3-115L

A. Describe Problem: From June 2005 (when a siezure occurred in May 2005) I feel SVSP has mishandled (negligent) my lip (lower RT side), when I explained that I hurt badly, and I was not healing at all - I was not payed the amount of attention in trying to get to the root problem. A anti-biotic was never even introduced until late 2006. As of now 2007 a growth was allowed to grow that seems to require surgery. It hasn't been any kind of flurry of action until Dr. Yanez, Dr. Kumar, and Dr. Scarbuzing was interjected into the matter, because of all this time. I felt that I had not been taken as serious as the pain and situation required. I submitted a 602 (6 months ago), never got a answer.

If you need more space, attach one additional sheet.

RECEIVED APR 11 2007    RECEIVED APR 11 2007

B. Action Requested: This appeal answered by someone, who can explain why I was ignored, or never taken as serious as I should have been, beginning in (6/2005). I also want to know what the medical status is as of now, and have a consultation with Dr. Kumar and Dr. Yanez for a good understanding, and the next direction.

Inmate/Parolee Signature: Mr. Taylor K-29436    RECEIVED JUN 07 2007   Date Submitted: 4-06-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: BYPASS

RECEIVED AUG 20 2007 INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

SVSP-D-07-01837 (TAYLOR)

| First Level | ☐ Granted | ☑ P. Granted | ☐ Denied | ☐ Other _____ |

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4/11/07  Due Date: 5/23/07

Interviewed by: Dr. D. Nguyen on 05/18/07.  Partially Granted. Your unit health record has been reviewed and it is documented that you are being followed by Stanford in Palo Alto, California for your lip cancer. You were seen at Stanford on May 3, 2007 for a PET Scan and at the time of the interview you had a pending appointment to return for a follow-up to that PET Scan. That appointment was completed on May 14, 2007. ~~You are scheduled for surgery for early June and there will be reconstructive surgery to follow that.~~ Be assured that this matter is being taken seriously.

Staff Signature: _____ Title: _____ Date Completed: 5/25/07
Division Head Approved:
Signature: ____ Kumar MD ____ Title: _____ Date to Inmate: 5/29/07

DELIVERED MAY 31 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

This Appeal arrived while I was at Standford MC 5-29-07 - 6-4-07. This Appeal has been extended without me receiving any knowledge, for no apparent reason. Dr. Kumar, Dr. Yanez and me Never consulted together before surgery, and time was allowed for the meeting to happen. I am dissatisfied in which the way everything surrounding this Appeal, and my sickness took place.

Signature: Mr. Kulut L. Taylor K-29436   Date Submitted: 6-07-07

| Second Level | ☐ Granted | ☑ P. Granted | ☐ Denied | ☐ Other _____ |

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-18-07  Due Date: 7-6-07
☑ See Attached Letter

Signature: _____ Kumar MD   Date Completed: 7/6/07
Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DELIVERED AUG 10 2007

I received this response through institution mail on 8-10-07 actually same day mail. Once again I am still dissatisfied with every aspect of the so called investigation as well as the handling or non-handling of myself. I had surgery 5-29-07, not one surgery was scheduled for any day in June, nor was one done in June. Its like I said before this paperwork has been no good in it's investigation, as well as the institution's care of me from my first complaint of pain and bleeding in 2005. All the dates from 2005 till Feb 2007 never move fast until Feb-Mar 2007. Once I got Dr. Yanez and Dr. Kumar involved - check medical file and Dr. Kumar, none 2 of myself never...

Signature: Mr. Taylor   Date Submitted: 8-16-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

| DIRECTOR'S ACTION: | ☐ Granted | ☐ P. Granted | ☑ Denied | ☐ Other _____ |
☑ See Attached Letter

Date: NOV 27 2007

CDC 602 (12/87)

State of California                                              Department of Corrections and Rehabilitation

# Memorandum

Date: July 5, 2007

To:   Inmate Taylor, K29436
      Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-07-01837

**ISSUE**:

The appellant claims that since May of 2005 he has had a problem with the right side of his lower lip that has not healed properly despite his making health care staff aware of his pain. He claims that his condition was not given the amount of attention that it deserved to get to the root problem and that he was not even provided with any antibiotics until late 2006. Appellant further claims that it is now 2007 and the growth has been allowed to increase in size until now it appears he needs surgery. Appellant states that his condition has not been taken seriously.

Appellant requests on appeal that someone explain why his medical condition was ignored or never taken seriously. Appellant also requests the status of his medical condition and a consultation with Dr. Kumar and Dr. Yanez for a good understanding and the next direction.

**INTERVIEWED BY**: Dr. D. Nguyen, Physician and Surgeon, on May 18, 2007.

**REGULATIONS**: The rules governing this issue are:

    **California Code of Regulations, Title 15 Section:**
    3350   Provision of Medical Care and Definition
    3350.1 Medical Treatment/Service Exclusions
    3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on March 25, 2007. Dr. R. Kumar, Chief Physician and Surgeon, was assigned to investigate this appeal at the Second Level of Review (SLR). All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

Inmate Taylor, K29436
Case No. SVSP-D-07-01837
Page 2

In the response at the FLR the appellant was told that his unit health record had been reviewed and that it was documented that his condition was being followed by Stanford Medical Center in Palo Alto, California for the malignant growth on his lip. The appellant was also informed that on May 3, 2007 a PET Scan was conducted and that a follow-up appointment to discuss the results was pending. On May 14, 2007 the appellant was seen for the follow-up visit and the results were discussed. The appellant was also informed that he was scheduled for surgery in early June and that reconstructive surgery would follow that. The appellant was provided with the assurance that his matter was being taken seriously.

The appellant elevated to the SLR on June 7, 2007 stating that when the FLR response arrived he was at Stanford Medical Center and that Dr. Kumar, Dr. Yanez and he had never consulted together before surgery and that time was allowed for the meeting to happen. Appellant states he is dissatisfied with the way in which everything surrounding this appeal and his sickness took place.

At the SLR, the appellant's unit health record has again been reviewed. It is documented that a wound culture was taken on September 13, 2005 with no significant findings.

On February 6, 2006 A&D ointment was ordered for the appellant's use on his lip. On August 8, 2006 tissue sample collected. Also on August 8, 2006 the appellant was seen by a dermatologist who recommended a culture of the lip, but this time with tissue being sent for both aerobic and anaerobic culture. The lip problem has been there for more than a year and started when appellant bit his lip during an epileptic seizure and has never healed. He had been treated with oral antibiotics.

The August 31, 2006 tissue pathology report indicated that a squamous proliferation appears to represent reactive atypia with no significant dysplasia or neoplasis seen. However, the lesion comes close to and focally involves the resection margins, and close follow-up is recommended to rule out the possibility of an adjacent more significant lesion.

On October 13, 2006, Dr. Sid notes diagnosis as leukoplakia and orders a re-biopsy as per the earlier pathology report and on December 4, 2006, Dr. Sid notes diagnosis as anaerobic vs. dysplasia, (microorganism vs abnormal development of tissue) and ordered that Septra DS (anti-infective drug) be continued.

On March 23, 2007 the appellant was seen by Dr. Zewert who recommended a chest x-ray and CT scan of face and neck to rule out spread of likely lip carcinoma.

On April 10, 2007 Dr. Sid notes the diagnosis now as squamous cell carcinoma. The appellant underwent surgery May 29, 2007 for removal of the affected area

**Inmate Taylor, K29436**
**Case No. SVSP-D-07-01837**
**Page 3**

and will continue to receive treatment as medically indicated. At the present time the plan is for radiation treatments and to consider chemotherapy.

**DECISION**: The appeal is **Partially Granted** in that the appellant's condition was never ignored. Medical treatment was provided as deemed necessary at the time. Early biopsy results did not reveal anything significant. Once the later biopsy results indicated that the appellant had a carcinoma health care staff became more aggressive in their treatment.

The appellant is advised that this issue may be submitted for a Director's Level *of Review if desired.*

CHARLES D. LEE, M.D.
Health Care Manager
Salinas Valley State Prison

✓
CTC

# INMATE APPEAL ROUTE SLIP

**To: CTC**                                             Date: June 18, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-D-07-01837** By Inmate <u>TAYLOR</u>, <u>K29436</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue: MEDICAL

                                        Due Date: **07/06/2007**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison


I am available for teleconference if possible at anytime. A whole lot of stuff that went wrong surrounding me and this whole issue can be seen, once put in the right direction. I was dealt with in a negligent manner, until Dr. Yancz & Kumar was involved. Check the med. file dates carefully!

# INMATE APPEAL ROUTE SLIP

To: **CTC**                                                    Date: April 12, 2007

From: INMATE APPEALS OFFICE

Re: Appeal by Inmate TAYLOR, K29436    SVSP-D-07-01837

Please assign this appeal to appropriate staff for **INFORMAL** level response.

Appeal Issue: MEDICAL

Due Date: ~~04/25/2007~~ 5/23/07

Special Needs:

STAFF INSTRUCTIONS:
Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the inmate. Every effort should be made to resolve the matter at the lowest level possible.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison