United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. TAYLOR, | No. C 08-759 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Warden EVANS; et al., | |
| Defendants. | |

## INTRODUCTION

Robert L. Taylor, an inmate at Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

The complaint in this action concerns the response of prison officials to Taylor's medical problems. He alleges that he "busted" his bottom lip during a seizure, and complained that the lip was not healing and he was in pain. He further alleges: "I complained to the medical staff about pain & cracked bleeding lower lip. I should have been taken more seriously." Complaint, p. 2.

An inmate appeal response fills in some critical details. See Docket # 4 (second level appeal response attached to letter dated March 3, 2008). Most importantly, Taylor's non-healing lip apparently has turned into lip cancer. He had surgery in 2007 to remove a growth, and the plan was to do radiation treatments and consider chemotherapy. The inmate

appeal response indicated that Taylor had received medical care for his lip problem in 2005, 2006 and 2007, including several cultures and biopsies of the lip tissue, various medications, consultations with a dermatologist, and eventual surgery. As the inmate appeal response describes it, a test in 2005 did not indicate cancer, then the tests in 2006 had abnormal results and then more abnormal result. Eventually a cancer diagnosis was made and surgery was done.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To show that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

1  Taylor's complaint has two deficiencies that he will have to address in an amended
2  complaint.  First, the complaint does not allege that anyone acted with the requisite mental
3  state of deliberate indifference.  His lip cancer is certainly a serious medical condition.  But a
4  serious medical condition is not the only requirement for an Eighth Amendment claim –
5  prison officials are not liable unless they act with deliberate indifference to that medical
6  condition.  Taylor's assertion that his non-healing lip "should have been taken more
7  seriously" does not suffice to allege deliberate indifference.  The court will not liberally
8  construe the allegation to be one for deliberate indifference, especially in light of the exhibit
9  Taylor has submitted that shows that he did receive treatment and care for his lip during the
10 time he alleges his lip problem was not being taken seriously enough.  In his amended
11 complaint, Taylor must allege (if he can truthfully do so) that defendants acted with
12 deliberate indifference to his serious medical condition.

13 Second, the complaint does not link any defendant to the claim.  Plaintiff has not
14 stated what any defendant did that caused a violation of his constitutional rights.  Usually, a §
15 1983 plaintiff names as defendants the individual state actors who allegedly wronged him.
16 To do so, plaintiff should identify each involved defendant by name and link each of them to
17 his claim by explaining what each defendant did or failed to do that caused a violation of his
18 constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  It is not
19 sufficient to identify a group defendant, as plaintiff has done by naming the "Salinas Valley
20 State Prison's medical staff/dept." – instead, he must name each individual in that department
21 who he believes acted with deliberate indifference to his medical needs.

22 As to the warden and chief medical officer ("CMO"), plaintiff is cautioned that there
23 is no respondeat superior liability under Section 1983, i.e. no liability under the theory that
24 one is responsible for the actions or omissions of an employee.  Liability under Section 1983
25 arises only upon a showing of personal participation by the defendant.  Taylor v. List, 880
26 F.2d 1040, 1045 (9th Cir. 1989).  The mere fact that the warden is in charge of the prison or
27 that the CMO is in charge of the medical department is not enough to make either liable on
28 plaintiff's claim.  A supervisor may be liable under § 1983 upon a showing of personal

3

involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted), <u>cert. denied</u>, 502 U.S. 1074 (1992).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d at 1045. Plaintiff must make the necessary allegations in his amended complaint if he wishes to keep the warden or CMO as defendants.

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any defendant and is DISMISSED with leave to amend.  Plaintiff must file his amended complaint no later than **October 31, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  <u>See</u> <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

DATED: September 23, 2008

Marilyn Hall Patel
United States District Judge